IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUSTIN HATHORN**                                                            **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.:** 1:25cv11 HSO-BWR

**BEAU RIVAGE RESORTS, LLC**                                 **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

      **COMES NOW** the Plaintiff, Justin Hathorn, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII of the Civil Rights Act of 1964 for religious discrimination against the Defendant, Beau Rivage Resorts, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

      1.     Plaintiff, Justin Hathorn, is an adult male who resides in Jackson County, Mississippi.

      2.     Defendant, Beau Rivage Resorts, LLC, can be served with process by serving its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

**JURISDICTION AND VENUE**

      3.     This Court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964.

      4.     This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

      5.     Plaintiff timely filed his Charge of Discrimination with the EEOC on

1

December 7, 2021, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on October 23, 2024, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 46-year-old resident of Jackson County, Mississippi.

7. Plaintiff was hired in July 2008 as a Valet Attendant at Beau Rivage Resorts, LLC (BRR).

8. Four months later, Plaintiff was promoted to the position of Senior Front Services Attendant (Supervisor).

9. In September 2016, Plaintiff was promoted to the position of Assistant Manager of Front Services.

10. In August 2018, Plaintiff was promoted to the position of Senior Manager of Front Services.

11. On or around August 16, 2021, BRR informed all employees that they were being required to be vaccinated for Covid by October 15, 2021.

12. On or around September 19, 2021, Plaintiff submitted a request for religious exemption, i.e., because of his religious faith in Christianity, he requested to be exempt from becoming vaccinated.

13. In response to Plaintiff's request for religious accommodation, on September 19, 2021, Vice President and Legal Counsel Dana Howell emailed Plaintiff a packet of forms to complete to provide additional information to evaluate his request. He was given until September 26, 2021 to provide the information.

14. On September 23, 2024, at 5:52 a.m., Plaintiff emailed Ms. Howell and Jennifer Berthiaume and attached his completed packet with the additional information forms completed.

15. On September 23, 2021, at 1:24 p.m., Ms. Howell emailed Plaintiff a letter in response to his request for religious exemption from the mandated vaccination.

16. The letter stated the following: "You have stated that you object to receiving any of the COVID-19 vaccines for religious reasons, and those religious reasons can be summarized as follows: you are opposed to any vaccine that uses fetal cell lines in the process of development, confirmation, and/or production of the vaccine. For purposes of analyzing your request for accommodation from the COVID-19 Vaccination Policy, we have assumed, without conceding, that you could demonstrate that you possess a sincerely held religious belief, practice, or observance that conflicts with the vaccine requirement. We therefore conducted a thorough review of the essential functions of your position. We then considered whether accommodation of your professed religious beliefs and practices is possible, and if so, would such accommodations impose an "undue hardship" on the Company's legitimate business interests. You are Beau Rivage's Senior Manager of Front Services. You are a leader to the front services team. Your position requires you to work on property and manage the entire front services team, as well as parking, valet, and transportation. Indeed, the entire purpose of this team is to provide in-person service to our guests. Your position in particular will handle escalated guest issues, complaints, or questions. You cannot perform all of these essential functions of your job position remotely – as this position is nearly 100% guest service facing and requires in person face-to-face interactions with

guests. Nor are mitigation measures such as face masks and social distancing feasible. In such an environment, social distancing, face masks and other similar mitigation measures will not be effective and will interfere with your job duties because of your need to interact and communicate with multiple individuals in places where, and at times when, masks and social distancing are not possible. Regular COVID-19 testing in lieu of vaccination, masks, or distancing also would not be equivalent protection for our employees, guests, and customers due to the gaps in time between tests. Accordingly, for the reasons set forth above and others, we have concluded that your continued presence on property, unvaccinated risks the health and safety of guests, coworkers and yourself. Under applicable law, an undue hardship exists when an accommodation would cause more than a de minimis cost or burden on the employer. Here, the risks and burdens your request for accommodation would impose on the Company are significant and cannot be resolved through mitigation measures. Granting your request would therefore constitute an undue hardship on the Company, and we must deny your request for religious accommodation on that basis."

17. On October 15, 2021, BRR informed Plaintiff that he was being terminated, allegedly for refusing to become vaccinated for Covid.

18. On December 7, 2021, Plaintiff filed an EEOC Charge that BRR failed to accommodate him based on his religion.

19. On January 25, 2022, in response to Plaintiff's Charge, BRR submitted a Position Statement to the EEOC.

20. BRR's Position Statement alleges that "The Company thoroughly analyzed Plaintiff's request and supporting documentation. In doing so, it assumed

without conceding that Plaintiff's objection to the vaccination requirement was based on a sincerely held religious belief. It determined, however, that he could not be accommodated because doing so would impose an undue hardship on the Company. (See September 23, 2021 Correspondence to Eric Hathorn, attached as Exhibit 7). The Company explained that as a Senior Front Services Manager, Plaintiff was directly responsible to lead the front services team. This required him to work on property, managing his team in person, as well as providing parking, valet, and transportation services. All of this required frequent interaction with team members and guests. Plaintiff's role also involved interaction at times when masks and social distancing were not possible, and that social distancing, face masks, and other similar mitigation measures would not be effective and would interfere with his job duties. Plaintiff was also advised of the difficulty Beau Rivage would face in relying on testing in lieu of vaccination, due to the gaps in time between tests and limited testing capacity in Biloxi. Plaintiff was reminded of the Policy requirement that he become fully vaccinated on or before October 15, 2021. Id."

21.   Plaintiff contends the allegation that accommodating him would have imposed an undue hardship on the Company is false.

22.   BRR does not mention that Plaintiff offered various mitigation offers such as wearing face masks and being willing to take random COVID testing at his own cost, but these offers were denied by BRR.

23.   In its allegation, BRR states that Plaintiff's role involved interaction at times "when masks…were not possible".

24.   It is difficult to imagine any job duty that would somehow preclude Plaintiff

5

from wearing a face mask.

25. Indeed, all employees were required to wear masks throughout this period, so it defies logic to allege that there would be a circumstance where some aspect of his job duty would require him not to wear a face mask.

26. Similarly, whereas BRR alleges, "Plaintiff was also advised of the difficulty Beau Rivage would face in relying on testing in lieu of vaccination, due to the gaps in time between tests and limited testing capacity in Biloxi", it is notable that all employees were being tested on a weekly basis during this time as well.

27. As mitigation, Plaintiff offered to continue this practice and to absorb the cost himself.

28. Given that BRR was already implementing these two practices for all employees during this period, it reasonably begs the question why this would be considered such an undue hardship on the Company.

29. It is also notable that BRR's mandate to be vaccinated was for "all salaried employees and new hires throughout the United States."

30. This mandate did not, however, include many already hired hourly employees.

31. Plaintiff therefore reasonably questions, if face masks and weekly testing are not sufficient and pose an undue hardship, as BRR's Position Statement alleges, why was that the currently implemented plan for around two thousand hourly employees at BRR.

32. On August 30, 2024, Mobile EEOC Director Erika LaCour presented a letter of determination related to Plaintiff's case.

33. In that letter, Ms. LaCour wrote, "The evidence of record establishes the Respondent implemented policies designed to promote COVID-19 vaccination among employees and established a mandatory vaccination policy on or about August 19, 2021, requiring full vaccination of its salaried non-remote employees, under the threat of termination, by October 15, 2021. The evidence shows that Charging Party held a sincere religious belief that conflicted with the Respondent's vaccine mandate and he notified the Respondent of his desire for a religious exemption on September 19, 2021. The evidence shows that although Respondent could have accommodated the Charging Party without undue hardship, it refused to do so and terminated his employment. Accordingly, I conclude there is reasonable cause to believe that Respondent discriminated against Charging Party based on his religion when it denied Charging Party's request for a religious accommodation resulting in his discharge in violation of Title VII."

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF TITLE VII – RELIGIOUS DISCRIMINATION

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. Defendant has discriminated against Plaintiff because of his religion based on the facts identified above which constitutes a violation of Title VII of the Civil Rights Act of 1964.  Defendant also failed to reasonably accommodate Plaintiff's religious beliefs.

36. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

37.     The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement of future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 20th day of January 2025.

        Respectfully submitted,

        JUSTIN HATHORN, Plaintiff

By:   /s/Louis H. Watson, Jr.
      Louis H. Watson, Jr.  (MB# 9053)
      Nick Norris (MB# 101574)
      Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com