# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN HATHORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:25-cv-00011-HSO-BWR |
| | ) |
| BEAU RIVAGE RESORTS, LLC | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Beau Rivage Resorts, LLC ("Defendant" or "Beau Rivage") responds to Plaintiff's Complaint as follows:

## PARTIES

1. Upon information and belief, Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits that it was served with this lawsuit. Defendant denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. Defendant admits that Plaintiff has invoked the jurisdiction of this Court. Defendant denies that it engaged in any of the wrongdoing alleged by Plaintiff or that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations of paragraph 3.

4. Defendant admits that Plaintiff has invoked the jurisdiction of this Court and that venue is proper, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

5. Defendant admits that Plaintiff filed an EEOC Charge in December of 2021 and that the EEOC issued a Notice of Right to Sue dated October 23, 2024. Defendant denies the remaining allegations of paragraph 5.

## STATEMENT OF FACTS

6. Upon information and belief, Defendant admits the allegations of paragraph 6.

7. Defendant admits that Plaintiff worked as a Senior Manager of Front Services. Defendant denies the remaining allegations of paragraph 7.

8. Defendant admits that Plaintiff worked as a Senior Manager of Front Services. Defendant denies the remaining allegations of paragraph 8.

9. Defendant admits that Plaintiff worked as a Senior Manager of Front Services. Defendant denies the remaining allegations of paragraph 9.

10. Defendant admits that Plaintiff worked as a Senior Manager of Front Services. Defendant denies the remaining allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant admits that in September of 2021, Plaintiff submitted a request to be exempt from the vaccine requirement. Defendant denies the remaining allegations of paragraph 12.

13. Defendant admits the allegations of paragraph 13.

14. Defendant admits that Plaintiff emailed additional information regarding his exemption request on or about September 23, 2024.

15. Defendant admits the allegations of paragraph 15.

16. Defendant admits the allegations of paragraph 16.

17. Defendant admits that it separated Plaintiff from the Company on October 15, 2021. Defendant denies the remaining allegations of paragraph 17.

18. Defendant admits that Plaintiff filed EEOC Charge Number 425-22-00145 in December of 2021. Defendant denies the remaining allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19.

20. Defendant admits the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27 and notes that the Department of Labor specifically prevented any such payment.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant admits that some Union member employees were not vaccinated. Defendant denies the remaining allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant admits the allegations of paragraph 32.

33. Defendant admits that the EEOC issued a letter of determination, but denies the information included the letter was either factually or legally correct. Defendant further notes that this letter is not binding on this Court. Defendant denies the remaining allegations of paragraph 33.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII – RELIGIOUS DISCRIMINATION

34. Defendant reasserts all previous responses as if fully set forth herein.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

## PRAYER FOR RELIEF

The remainder of the Complaint contains a prayer for relief that requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or discriminatory, said action is denied. Defendant further denies that Plaintiff is entitled to any relief whatsoever. Any allegation not specifically admitted is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following additional defenses. By listing the defenses below, Defendant does not assume any burden of proof that would otherwise be imposed upon Plaintiff.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## SECOND DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff has failed to meet the statutory and administrative prerequisites and/or conditions precedent to initiating this action.

## THIRD DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff's claims are beyond the scope of his underlying Charge of Discrimination filed with the EEOC.

**FOURTH DEFENSE**

Notwithstanding Defendant's general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant would have taken the same action in the absence of such an impermissible motivating factor.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel or unclean hands.

**SIXTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

**SEVENTH DEFENSE**

Plaintiff cannot establish that similarly-situated employees outside his protected class were treated more favorably.

**EIGHTH DEFENSE**

All actions taken by Defendant were based on legitimate non-discriminatory reasons, which were not pretextual.

**NINTH DEFENSE**

Plaintiff did not possess sincerely held religious beliefs concerning the challenged actions.

## TENTH DEFENSE

To the extent Plaintiff did not request accommodations concerning the challenged actions based on sincerely held religious beliefs, he lacks standing to pursue the claims in this suit.

## ELEVENTH DEFENSE

The specific accommodations requested by Plaintiff were unreasonable and would have imposed an undue hardship on Defendant.

## TWELFTH DEFENSE

All actions taken by Defendant were for good cause and in good faith. Specifically, Defendant acted in good faith to comply with and relied upon United States Supreme Court, Circuit Court, District Court and U.S. Equal Employment Opportunity Commission decisions, regulations, guidance, and guidelines, as they existed at the time of the challenged decisions.

## THIRTEENTH DEFENSE

All actions taken by Defendant were based on Defendant's honest, good-faith beliefs at the time of the challenged actions and in reliance on information available to Defendant at the time of the actions.

## FOURTEENTH DEFENSE

To the extent that Plaintiff has failed to mitigate his damages, he is barred from recovering from Defendant.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages fails because he cannot prove that Defendant acted maliciously or with callous disregard for his rights.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to any award of punitive damages in that Defendant has implemented and maintained policies and practices designed and intended to prevent discrimination.

## SEVENTEENTH DEFENSE

Defendant denies that it has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

## RESERVATION OF DEFENSES

Defendant hereby reserves the right to file such additional defenses as may become apparent during the course of discovery.

Wherefore Defendant respectfully requests that the Court:

a. Enter an Order dismissing, with prejudice, Plaintiff's Complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. Award to Defendant its attorneys' fees and its costs; and

d. Grant such further relief as the Court may deem just and proper.

Respectfully submitted this 17th day of March, 2025.

>/s/ Yvonne N. Maddalena
>Yvonne N. Maddalena (MS Bar No. 106666)
>Yvonne.Maddalena@jacksonlewis.com
>Direct Dial: 205-332-3118
>Shannon L. Miller (*Pro Hac Vice Pending*)
>Shannon.Miller@jacksonlewis.com
>Direct Dial: 205-332-3102
>JACKSON LEWIS P.C.
>800 Shades Creek Parkway, Suite 870
>Birmingham, Alabama 35209
>
>**Attorney for Defendant**
>**Beau Rivage Resorts, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I have served a true and correct copy of the foregoing upon plaintiff's counsel of record electronically by CM/ECF as follows:

>Louis H. Watson, Jr,
>Nick Norris
>Jane Ashley Watson
>WATSON & NORRIS
>4209 Lakeland Drive #365
>Flowood, MS 29343-9212

>/s/ Yvonne N. Maddalena
>Counsel of Record

4934-4727-8378, v. 1